UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ERNEST BIDDLE** | **CIVIL ACTION NO. 10-326-P** |
| **VERSUS** | **JUDGE HICKS** |
| **BOSSIER PARISH MEDIUM SECURITY FACILITY, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ernest Biddle ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 16, 2010. Plaintiff was detained at the Bossier Parish Medium Security Facility in Shreveport, Louisiana when he filed this complaint, and claims his civil rights were violated by prison officials. He names the Bossier Parish Medium Security Facility, Captain Makejsha Harris, Lt. Rod Boyer, Nurse Jane Doe, and the Administrative Officials as defendants.

Plaintiff claims that on October 8, 2009, he entered the Bossier Parish Medium Security Facility. He claims he requested a bottom bunk because he had a serious back injury which required surgery in 1993. Plaintiff claims the officer refused his request and he was assigned a top bunk in a tier of three bunks.

Plaintiff claims that from October 9, 2009 until December 9, 2009, he struggled to climb up and down the bunk ladder. He claims that as a result, his back was in severe pain. He claims he continued to ask for a lower bunk but his requests were denied.

Plaintiff claims that on December 9, 2009, he missed a step as he climbed down the bunk ladder. He claims he fell approximately four and a half feet to the ground. He claims he injured his back and was in severe pain. He claims he suffered a contusion to his back. He further claims a deputy slammed a wheelchair into his head as he laid on the ground. He claims he was transported to the hospital by life net. He claims he waited several hours for medical attention as he lay handcuffed to a board. He claims this caused further injury to his back. Plaintiff admits he was seen by Dr. Joshua P. Gaspard and Dr. Jennifer M. Springhart at LSU Medical Center. He admits that approximately three and a half hours after his arrival at the hospital, he was given medication. He further admits he received an x-ray, a cat scan, and an IV.

Plaintiff claims that on December 10, 2009 at 3:30 a.m., he was told to see the nurse. Plaintiff claims he could not move because he was in severe pain. He claims that approximately two minutes after he told the officers he could not move, they roughly placed him into a wheelchair.

Plaintiff admits he was seen by Dr. Russel Roberts on December 15, 2009, at the Bossier Medium Security Facility. Plaintiff admits he received Ibuprofen and Tylenol for approximately a month after this visit. He further admits that Dr. Roberts gave him a sheet of exercises to perform for his condition. He claims the exercises were painful.

Plaintiff claims he was denied medical care from December 9, 2009 through March 8, 2010 by Dr. Roberts and Nurse Springhart. He claims Nurse Springhart would not prescribe pain medication for his condition. Specifically, he claims he was denied Flexoel and 600 mg Motrin. He also claims he was denied ice. He further claims he was denied therapy for his injury and that he should have received therapy because he was confined to a wheelchair and walker for six months.

As relief, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

**Conditions of Confinement**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the

minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  Plaintiff complains that he was assigned a top bunk even though he had back surgery six years earlier.  The Court finds that assignment to a top bunk does not create a substantial risk of serious harm.  See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995).  Furthermore, Plaintiff does not claim he had a duty status which required that he be assigned a bottom bunk.  Plaintiff admits he fell from the bunk ladder because he missed a step on his way down.  Thus, Plaintiff's claim has failed to satisfy the first requirement of an Eighth Amendment claim.

Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

**Medical Care**

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the

evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.

A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  Plaintiff admits he was transported to LSU Medical Center by lifenet after he fell. He admits he was examined by two doctors at LSU Medical Center.  He further admits he was given medication..  He admits an x-ray and cat scan were performed and he was given an IV.  Plaintiff admits that

he saw the nurse at the infirmary on December 10, 2009. He admits that he saw Dr. Roberts on December 15, 2009 at the infirmary. He admits he received medication for approximately one month after this visit. He further admits that Dr. Roberts gave him a sheet of exercises to perform for his condition.

It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, Plaintiff does not allege how the approximately three hour delay in receiving treatment while at the hospital for his injuries was based on deliberate indifference and resulted in any substantial harm.

Plaintiff disagrees with the treatment plan that Defendants provided him. He claims he should have been prescribed stronger pain medication and provided with therapy and ice packs. Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not

rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 19th day of February 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE